NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES PULIDO-PULIDO, a.k.a. Andres Pulido, Jr., <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-73354 <br><br> Agency No. A028-720-041 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014**

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Andres Pulido-Pulido, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen deportation

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying as untimely Pulido-Pulido's motion to reopen based on his claim of ineffective assistance of counsel. Pulido-Pulido filed the motion more than 21 years after his deportation order became administratively final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). Pulido-Pulido also did not establish that his motion qualified for equitable tolling of the filing deadline, where his former attorney's representation during his 2007-2008 removal proceedings did not prevent him from timely filing his motion to reopen his separate 1989 deportation proceedings in which he appeared pro se. *See Avagyan*, 646 F.3d at 679 ("[A] petitioner is entitled to equitable tolling of the deadline 'during periods when a petitioner is prevented from filing because of a deception, fraud, or error.'" (citation omitted)); *Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 845 (9th Cir. 2006) ("Tolling requires that '[the movant's] ignorance of the limitations period was caused by circumstances beyond the party's control . . . .'" (citation omitted)).

In light of this disposition, we need not consider Pulido-Pulido's compliance with the procedural requirements for filing a claim of ineffective assistance of

counsel or his eligibility for registry. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We lack jurisdiction to review the agency's refusal to exercise its *sua sponte* authority to reopen Pulido-Pulido's case. *See Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**